FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Daniel J.,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 1:17-CV-03199-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 16, 17. Attorney D. James Tree represents Daniel J. (Plaintiff); Special Assistant United States Attorney Jeffrey Eric Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).

**JURISDICTION**

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on December 29, 2015, Tr. 62-63, alleging

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

disability since October 21, 2015, Tr. 189, 193, due to thrombocytopedia, Tr. 215. The applications were denied initially and upon reconsideration. Tr. 104-07, 111-24. Administrative Law Judge (ALJ) Timothy Mangrum held a hearing on January 6, 2017 and heard testimony from Plaintiff and vocational expert, Steven R. Cardinal. Tr. 32-61. At the hearing, Plaintiff amended his onset date to December 22, 2015. Tr. 54. The ALJ issued an unfavorable decision on June 2, 2017. Tr. 16-23. The Appeals Council denied review on September 28, 2017. Tr. 1-7. The ALJ's June 2, 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff filed this action for judicial review on November 22, 2017. ECF No. 1.

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 58 years old at the amended date of onset. Tr. 189. He reported that he completed one year of college in 1984. Tr. 216. He reported his work history as a long haul trucker. Tr. 216-17. At application Plaintiff reported that he stopped working on October 21, 2015 due to his conditions. Tr. 215. At the hearing, he testified that he had worked until December 22, 2015 when he was terminated for breaking an axel, which, he asserted, resulted from his symptoms and medication side effects. Tr. 43-45. However, he stated that in the two months leading up to his termination his ability to work was restricted due to medical appointments preventing him from taking extended trips. *Id*.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo,

deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Comm'r*

*of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On June 2, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 22, 2015, the alleged date of onset. Tr. 19.

At step two, the ALJ determined Plaintiff had no medically determinable severe impairments. Tr. 19.

The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from December 22, 2015, through the date of the ALJ's decision. Tr. 22.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical source opinions, (2) failing to find thrombocytopenia with hypertension as a severe impairment, (3) failing to find that Plaintiff had other medically determinable impairments, and (4) failing to properly address Plaintiff's symptom statements.

**DISCUSSION[1]**

**1. Medical Opinions**

Plaintiff argues the ALJ failed to properly consider and weigh the medical

---

[1]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent Lucia applies

ORDER GRANTING PLAINTIFF'S MOTION . . . - 4

opinions expressed by Mario Chenal, M.D. and Trula Thompson, M.D. ECF No. 16 at 9-17.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). "The clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 1014, 1021 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is

---

to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### A. Mario Chenal, M.D.

Dr. Chenal completed a Physical Function Evaluation form for the Washington State Department of Social and Health Services (DSHS) on January 22, 2016. Tr. 467-72. She diagnosed Plaintiff with thrombocytopenia and stated that it affected his ability to stand, stoop, and crouch at a marked severity for long periods of time. Tr. 468. She opined that Plaintiff was limited to light work and stated that he needed to be reevaluated in three to six months. Tr. 469. On February 19, 2016, Dr. Chenal sent in an edited version of the January 22, 2016 form striking out the reevaluation in three to six months language and adding in that she estimated the current limitation would persist with available treatment for twelve months. Tr. 481. She included a letter stating that "[d]ue to [Plaintiff]'s decline in his platelet count, I will consider re-evaluating [Plaintiff]'s condition in 12 months." Tr. 482. The ALJ gave little weight to the opinion because (1) the medical evidence showed Plaintiff was stable in February of 2016, (2) the opinion was based on Plaintiff's unreliable subjective statements, (3) the opinion was vague and speculative, and (4) the opinion was inconsistent with Plaintiff's activities just six months after the amended onset date. Tr. 22.

Plaintiff asserts that Dr. Chenal's opinion is uncontradicted, meaning that the ALJ was required to provide clear and convincing reasons for rejecting the opinion. ECF No. 16 at 10. Defendant's brief does not address which standard is applicable. ECF No. 17.

Here, the Court finds that the ALJ's reasons fall short of both the heightened "clear and convincing" standard and the lesser "specific and legitimate" standard. The ALJ's first reason, that the medical evidence showed that Plaintiff was stable in February of 2016, is not specific and legitimate. The records from February of

2016 include an evaluation by Dr. Chenal on February 4, 2016 in which Plaintiff complained of fatigue and Dr. Chanel stated that Plaintiff "remains clinically stable and without subcutaneous or submucosal bleeding. His platelet count is trending down, however its [*sic*.] is still about 100,000. We continue the conversation about future treatment options." Tr. 314, 316. When he returned to Dr. Chenal on February 19, 2016, the report states "[h]e remains clinically stable and without subcutaneous or submucosal bleeding. However his platelet count was trending down to 70,000 on February 12 and 77,000 on February 19." Tr. 461. He continued to take the prednisone and complain of fatigue. Tr. 462. He also was seen by Sonya Lovingood, ARNP on February 22, 2016 for a follow up regarding bloody stools which were resolved. Tr. 379-80. Here, the ALJ equates stable to improved, which is an error. There is no evidence in February of 2016 that Plaintiff's symptoms or platelet counts improved to the point he could perform beyond light work. This is highlighted by Dr. Chenal amending her opinion in February of 2016 stating that she would not reassess Plaintiff for 12 months as she expected his functional abilities to continue at light exertional levels. Tr. 459-60. Therefore, the ALJ's implication that Dr. Chenal's opinion is inconsistent with the evidence in February of 2016 is not supported by the record and fails to meet the specific and legitimate standard.

      The ALJ's second reason, that the opinion was based on Plaintiff's unreliable subjective statements, does not meet the specific and legitimate standard. A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). But the ALJ must provide the basis for his conclusion that the opinion was more heavily based on a claimant's self-reports. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here the ALJ failed to provide such a basis. Tr. 22. Therefore, this reason falls short of the specific and legitimate standard.

The ALJ's third reason, that the opinion was vague and speculative, is not supported by substantial evidence. The ALJ concluded that Dr. Chenal's opinion stating that Plaintiff had marked limitations "for long periods of time," was vague and speculative. Tr. 22. However, the fact that Dr. Chenal submitted an amended evaluation form extending the period of time Plaintiff would be limited to light work shows that she considered the length of impairment in considerable depth and determined an amendment was necessary. An opinion that Plaintiff had marked limitation in functional areas that resulted in a limitation to light work for twelve months is not vague and speculative if read in its entirety. Therefore, this reason is not supported by substantial evidence.

The ALJ's forth reason, that the opinion was inconsistent with Plaintiff activities, fails to meet the specific and legitimate standard. A claimant's testimony about his daily activities may be seen as inconsistent with the presence of a disabling condition. *See Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990). However, to meet the specific and legitimate standard, the ALJ must state with specificity what activities appear to be inconsistent with the opinion and how these activities are inconsistent with the opinion. *See Magallanes*, 881 F.2d at 751; *Embrey*, 849 F.2d at 421-22. The ALJ failed to provide the required analysis to meet the specific and legitimate standard.

The case is remanded for the ALJ to properly address Dr. Chenal's opinion. Plaintiff requests that Dr. Chenal's opinion be credited as true and the case be remanded for an immediate award of benefits. ECF No. 16 at 15. However, in this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. As discussed throughout the ALJ's decision, it is unclear if Plaintiff's impairments meet the durational requirements of step two. The ALJ's first reason addressed the stability of Plaintiff's thrombocytopenia; however, the ALJ only addressed Plaintiff's thrombocytopenia as of February of 2016. His rationale for rejecting Dr. Chenal's

opinion failed to address the resolution of Plaintiff's thrombocytopenia and his associated symptoms following his splenectomy in August of 2016. Therefore, a remand is required for the ALJ to further develop the record with any outstanding evidence and properly address Dr. Chenal's opinion.

### B. Trula Thompson, M.D.

On February 22, 2013, Dr. Thompson completed a Review of Medical Evidence form for DSHS. Tr. 454-56. Dr. Thompson reviewed Dr. Chenal's opinion and opined that Plaintiff had a marked limitations in environmental/non-exertional restrictions and in the ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances based on her diagnosis of thrombocytopenia. *Id*. Additionally, she limited Plaintiff to the light exertional level. Tr. 455. The ALJ gave the opinion little weight because (1) Dr. Thompson had only reviewed Dr. Chenal's opinion, (2) Dr. Thompson reviewed the case for state/local benefit purposes, and (3) Dr. Thompson based her opinion on just 3-4 months of evidence.

As addressed above, the ALJ failed to properly consider the opinion of Dr. Chenal. Since Dr. Thompson's opinion is based on a review of Dr. Chenal's opinion and the ALJ's rejection of Dr. Chenal's opinion failed to meet the specific and legitimate standard, the ALJ will further address Dr. Thompson's opinion on remand.

### 2. Thrombocytopenia

Plaintiff challenges the ALJ's determination that his thrombocytopenia was not a severe impairment. ECF No. 16 at 6-9.

Disability is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d), 1382c(a)(3)(C)(i). The regulations have defined a severe impairment as a

medically determinable impairment, 20 C.F.R. §§ 404.1521, 416.921, that significantly limits a claimant's physical or mental ability to do basic work activities, 20 C.F.R. §§ 404.1522, 416.922, and is expected to result in death or is expected to last for a continuous period of at least twelve months, 20 C.F.R. §§ 404.1509, 416.909. The Supreme Court has held that the impairment must last twelve months and the impairment must be severe enough to prevent the claimant from engaging in substantial gainful activity for twelve months. *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002).

In this case, the ALJ determined that Plaintiff's thrombocytopenia was a medically determinable impairment, but failed to find it a severe impairment because it resolved within the twelve months and failed to meet the durational requirement. Tr. 19-22. Plaintiff asserts that the symptoms he experienced during the treatment of the thrombocytopenia continued at a severity that precluded work activity. ECF No. 16 at 8-9. Part of this determination included the rejection of Dr. Chenal's opinion. Tr. 22. As addressed above, the ALJ failed to properly address the opinion and the case is remanded for additional proceedings. A key competent of the remand proceedings will be to determine whether or not the thrombocytopenia met the durational requirement. Therefore, this issue is to be readdressed once the ALJ supplements the record with any outstanding evidence and properly addresses Dr. Chenal's opinion.

**3.     Other Medically Determinable Impairments**

Plaintiff argues that the ALJ failed to address Plaintiff's other medically determinable impairments, including obesity and disorders of the gastrointestinal tract, heart, lungs, and brain. ECF No. 16 at 17-20.

The ALJ is required to consider all of Plaintiff's medically determinable impairments, both severe and nonsevere, in combination at step two. 20 C.F.R. §§ 404.1523, 416.923.

Plaintiff is correct that the ALJ failed to address the other impairments he

argues are present in the record.  *See* Tr. 19.  However, as Defendant accurately points out, Plaintiff failed to allege any specific functional limitations arising from these impairments.  ECF No. 17 at 9.  While Plaintiff's failure to allege specific functional limitations associated with the alleged impairments is typically fatal to such an argument, *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005),  this case is being remanded for a proper evaluation of the medical opinions.  Therefore, the ALJ is to further consider the other impairments that are established in the record at step two.

**4.      Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that his symptom statements were not reliable.  ECF No. 16 at 20-21.

It is generally the province of the ALJ to make determinations regarding the credibility of Plaintiff's symptom statements,  *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834.  "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's symptom statements concerning the intensity, persistence, and limiting effects of his symptoms to be "not entirely consistent with the medical evidence and other evidence in the record."  Tr. 20.  The ALJ supported his determination with two clear reasons: (1) the statements were not supported by the medical evidence and (2) the statements were inconsistent with Plaintiff's reported activities.  Tr. 20-21.  Defendant argues that the ALJ provided a third reason: that Plaintiff failed to follow prescribed treatment.  ECF No. 17 at 2-3.  Defendant further asserts that by not addressing this third reason in his

briefing, Plaintiff waived the opportunity to challenge it and the ALJ's credibility determination should be upheld. *Id*. at 3.

The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. § 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to readdress the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements will be necessary.

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ properly address the medical opinions and make a new step two determination. Should the case proceed beyond step two, the ALJ will address steps three through five, including a new evaluation of Plaintiff's

symptom statements. The ALJ will supplement the record with any outstanding evidence and call a medical and a vocational expert to testify in the remand proceedings.

**CONCLUSION**

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED October 30, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE